IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONEWEST BANK, FSB, as purchaser of certain assets of First Federal Bank of California from the Federal Deposit Insurance Corporation, acting as receiver,<br><br>    Plaintiff,<br><br>  v.<br><br>TONY PEREZ and MARIA PEREZ,<br><br>    Defendants.<br>_____/ | No. C 11-01376 WHA<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

## INTRODUCTION

This is an action for unlawful detainer following a foreclosure. Plaintiff OneWest Bank originally filed suit in Calaveras County Superior Court. Defendants removed this action to federal court and plaintiff seeks to remand back to state court. Because this Court lacks subject-matter jurisdiction over this matter, plaintiff's motion to remand is **GRANTED**. Accordingly, the July 21 hearing scheduled for this motion is **VACATED**.

## STATEMENT

Plaintiff OneWest Bank filed an unlawful detainer complaint against defendants Tony Perez and Maria Perez to obtain possession of residential real property. Plaintiff came into possession of this property through a non-judicial foreclosure (Wallace Decl. ¶ 4). The complaint alleged that defendants owe plaintiff: (1) restitution of the property; (2) damages at the rate of

$50 per day from January 7, 2010, for each day that defendants continued in possession of the property; and (3) costs of suit and further relief as is proper. Plaintiff also stated in the complaint that the amount demanded from defendants does not exceed $10,000 (Wallace Decl. Exh. A).

Plaintiff brought this action in Calaveras County Superior Court against defendants on January 12, 2010 (Wallace Decl. Exh. A). Defendants filed a notice of removal to our district court on February 7, 2011, asserting jurisdiction under 28 U.S.C. 1331 (Wallace Decl. Exh. C). The action was subsequently transferred to the Eastern District, which encompasses Calaveras County. *OneWest Bank, FSB v. Cohen*, No. C 11-00572 LB (N.D. Cal. Feb. 15, 2011). Thereafter, the action was remanded to state court. *OneWest Bank, FSB v. Cohen*, No. C 11-00376 AWI-GSA (E.D. Cal. Mar. 14, 2011). On March 22, 2011, defendants filed a second notice of removal to the United States District Court for the Northern District, asserting jurisdiction under 28 U.S.C. 1332 and resulting in the opening of the above-captioned case number. Plaintiff argues once again that defendants have not carried their burden to show that subject-matter jurisdiction is proper in federal court and seeks remand to state court. Defendants did not file an opposition to the instant motion.

**ANALYSIS**

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. 28 U.S.C. 1441(a). The strong presumption against removal jurisdiction means that the defendant bears the burden of establishing proper removal. Here, defendants have the burden of showing that diversity jurisdiction exists under 28 U.S.C. 1332 — namely, that plaintiff has different state citizenship from defendants and the matter in controversy exceeds $75,000. Furthermore, "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," such that courts must resolve all doubts as to removability in favor of remand. *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Plaintiff moves to remand on the following grounds: (1) the notice of removal was untimely; (2) the claim does not arise under federal law; (3) no diversity jurisdiction exists;

1 (4) the Court has the power to abstain from asserting jurisdiction over an action properly heard
2 in state court; and (5) the action was previously remanded. This order agrees.

3 Defendants did not file an opposition. Remand is clearly appropriate. Defendants filed
4 their notice of removal on March 22, 2011, not within 30 days after receiving a copy of the initial
5 pleading, as provided by 28 U.S.C. 1446 (Wallace Decl. Exh. B). The amount in controversy
6 claimed by plaintiff is, at most, $10,000, which is far below the amount-in-controversy threshold
7 for diversity jurisdiction under 28 U.S.C. 1332, and a state-law claim for unlawful detainer does
8 not arise under federal law. In fact, this action has already been remanded to state court after a
9 prior attempt at removal. Thus, defendants have failed to meet the requirements of subject-matter
10 jurisdiction in federal court.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is **GRANTED**. The July 21 hearing scheduled for this motion is **VACATED**. The Clerk shall remand this action to the Superior Court of California, County of Calaveras. Defendants should refrain from any further removal and should litigate the merits in state court.

**IT IS SO ORDERED.**

Dated: June 28, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3